### LOZANO et al. v. PALATINE INS. CO., Limited.

(Circuit Court of Appeals, Fifth Circuit. December 15, 1896.)

#### No. 478.

FIRE INSURANCE—STOCK OF GOODS—WARRANTIES AS TO KEEPING BOOKS, ETC.

Policies of insurance on a stock of goods consisted of a printed sheet containing the formal printed parts, and, attached thereto, a paper containing a description of the insured property, together with a "covenant and warranty" by the assured to keep, in a fireproof safe, or in some place not exposed to a fire which would destroy the building containing the goods, an inventory and account books containing a complete record of all business transacted. Held, that the covenant as to the keeping and method of preserving the inventory and books was a part of the policy, and constituted a warranty, the breach whereof prevented any recovery.

In Error to the Circuit Court of the United States for the Southern District of Florida.

This was an action at law by Lozano and others, constituting the firm of Lozano, Pendas & Co., against the Palatine Insurance Company, Limited, of Manchester, England, to recover upon two policies of fire insurance. The case was heard below upon demurrer to a plea in bar, and under a stipulation for final judgment on the decision thereof. The court overruled the demurrer, and entered judgment for defendant pursuant to the stipulation. Plaintiffs thereupon sued out this writ of error.

E. R. Gunby, S. M. Sparkman, M. G. Gibbons, and G. M. Sparkman, for plaintiffs in error.

A. W. Cockrell, A. W. Cockrell, Jr., and R. S. Cockrell, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and MAXEY, District Judge.

PARDEE, Circuit Judge. This is a suit to recover on two fire insurance policies, copies of which were filed with the declaration. The defendant insurance company filed a plea as follows:

"Now comes the defendant, by its attorneys, and for plea to the declaration herein says: 'The only contracts or agreements between the plaintiffs and defendant are evidenced by the two instruments in writing called policies, filed with

the declaration. In and by said contracts under which the plaintiffs claim as aforesaid the plaintiff agreed that said contracts should become null and void in the event the plaintiffs should fail to comply with a certain warranty set forth therein, and that such failure should constitute a perpetual bar to any recovery by the plaintiffs thereunder, the same being in each policy in the words and figures as follows: 'The following covenant and warranty is hereby made a part of this policy: (1) The assured will take a complete itemized inventory of stock on hand at least once in each calendar year, and, unless such inventory has been taken within twelve calendar months prior to the date of this policy, one shall be taken in detail within thirty days from such date, or this policy shall be null and void from such date, and upon demand of the assured the unearned premium from such date shall be returned. (2) The assured will keep a set of books, which shall clearly and plainly present a complete record of business transacted, including all purchases, sales, and shipments, both for cash and for credit, from date of inventory, as provided for in first section in this clause, and during the continuance of this policy. (3) The assured will keep such books and inventory, and also the last preceding inventory, if such has been taken, securely locked in a fireproof safe at night and at all times when the building mentioned in this policy is not actually opened for business; or, failing in this, the assured will keep such books and inventories in some place not exposed to a fire which would destroy the aforesaid building. In the event of failure to produce such set of books and inventories for the inspection of this company, this policy shall become null and void, and such failure shall constitute a perpetual bar to any recovery thereon.' And the plaintiffs, therein called the assured, did fail to comply with said warranty in the several particulars hereinafter set forth; that is to say, that such books and inventories as were kept by the plaintiffs were not kept as aforesaid, in this: that at night, about 4 o'clock a. m., when said building was not open for business, and when said building was destroyed by fire, said books were in said building, and not in any safe, and were destroyed by fire: and that the said plaintiffs wholly failed to produce any books for the inspection of this company, the defendant aforesaid. And this the defendant is ready to verify."

## To this plea the plaintiffs demurred on the following ground:

"That the alleged warranty or covenant of warranty set up in the pleas of the defendant, as the same appears in the policies of insurance made a part of the pleadings in this cause, and referred to in the defendant's pleas, does not constitute a warranty, and the failure of the plaintiffs to comply with the said alleged warranty does not constitute a bar to recover on said policies."

## After filing the demurrer, the parties stipulated as follows:

"It is stipulated and agreed by and between the parties hereto, by their respective attorneys of record hereunto fully authorized, for the purpose of expediting this cause, and having a final determination of the real point at issue, that this cause shall be submitted finally upon the simple question whether or not the alleged breach of the so-called 'iron-safe clause' as it appears in the original policy filed with the declaration in this cause, and which policy is by agreement made a part of the pleadings, and as set up in the pleas demurred to, prevents a recovery by the plaintiffs; that upon the determination of this issue by the circuit court final judgment be entered accordingly; that thereupon the losing side may take the cause by usual appellate process to the United States circuit court of appeals, where said issue as aforesaid, and not otherwise, shall be submitted for final determination by said appellate court, and the judgment entered there upon the said issue, and thereupon the losing side shall have reasonable opportunity in due course of practice to have said issue determined by the United States supreme court; that, in the event of reversal and throughout the history of this cause, this issue shall be and remain the issue, and its final determination shall finally settle this cause. In the event of final determination and settlement in favor of the plaintiffs, the judgment shall be for the plaintiffs in the sum total stated in the estimates contained in the so-called 'proofs of loss' submitted by the plaintiffs to the defendant, without interest at the rate of 8 per cent. per annum from the sixtieth day next after the same were submitted, together with their taxed costs. And in the event such final determination shall be for the defendant, the

judgment shall be, it go hence without delay, and recover of the plaintiffs its taxed costs."

The case having been submitted to the court below on the demurrer and the above stipulation, the court overruled the demurrer, and thereupon entered judgment in favor of the defendant.

The only error assigned in this court is that the court erred in overruling the plaintiffs' demurrer to the defendant's plea. The argument in this court has taken a very wide range, the principal points discussed being that the stipulation providing for the keeping and production of books was no part of the policy of insurance proper, and as attached to the policy it was not intended as a warranty. The original policies were produced for the court to see that the part containing the description of the property and the covenants with regard to keeping books was attached to the main sheet upon which the formal parts of the policy were printed. The policies sued upon and produced in court, although respectively made up on two pieces of paper attached together, really contained in each but one contract of insurance, all the parts of which were agreed upon and delivered at one time. Without the so-called "appended paper" containing the description of the property and the covenants as to keeping books, there would be, in fact, no policy of insurance on which a recovery could be had in a court of law.

There is no contention that the conditions with regard to keeping books and providing for their safety were complied with in any respect whatever, and the case-made shows the contrary. In Dwight v. Insurance Co., 103 N. Y. 341, 346, 8 N. E. 654, 655, it is said:

"Parties to an insurance contract have the right to insert such lawful stipulations and conditions therein as they may mutually agree upon, or which they may consider necessary and proper to protect their interests, and which, when made, must be construed and enforced like all other contracts according to the expressed understanding and intent of the parties making them. If an insurance policy, in plain and unambiguous language, makes the observance of an apparently immaterial requirement the condition of a valid contract, neither courts nor juries have the right to disregard it, or to construct, by implication or otherwise, a new contract in the place of that deliberately made by the parties."

In Imperial Fire Ins. Co. v. Coos County, 151 U. S. 452, 462, 14 Sup. Ct. 379, 381, Mr. Justice Jackson, for the court, says:

"Contracts of insurance are contracts of indemnity upon the terms and conditions specified in the policy or policies embodying the agreement of the parties. For a comparatively small consideration the insurer undertakes to guaranty the insured against loss or damage, upon the terms and conditions agreed upon, and upon no other; and, when called upon to pay, in case of loss, the insurer therefore may justly insist upon the fulfillment of these terms. If the insured cannot bring himself within the conditions of the policy, he is not entitled to recover for the loss. The terms of the policy constitute the measure of the insurer's liability, and, in order to recover, the insured must show himself within those terms; and if it appears that the contract has been terminated by the violation, on the part of the assured, of its conditions, then there can be no right of recovery. The compliance of the assured with the terms of the contract is a condition precedent to the right of recovery. If the assured had violated or failed to perform the conditions of the contract, and such violation or want of performance has not been waived by the insurer, then the assured cannot recover. It is immaterial to consider the reasons for the conditions or provisions on which the contract is made to terminate, or any other provision of the policy which has been accepted and agreed upon. It is enough that the parties have made certain terms con-

ditions on which their contract shall continue or terminate. The courts may not make a contract for the parties. Their function and duty consist simply in enforcing and carrying out the one actually made."

The judgment of the circuit court is affirmed.